# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

| | |
|---|---|
| WALLACE BOSTICK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO.4:11cv489-WS/WCS ) ) |
| BONNIE PLANTS, INC., | ) ) |
| Defendant. | ) |

## ANSWER TO COMPLAINT

Defendant, Bonnie Plants, Inc., states the following for its Answer to Plaintiff's Complaint:

## FIRST DEFENSE

For its first defense, Bonnie Plants responds to the numbered paragraphs of Plaintiff's Complaint as follows:

1. Bonnie Plants admits that Plaintiff purports to bring this action pursuant to the statutes cited in paragraph 1, but denies that it violated those statutes or otherwise wronged the Plaintiff. Bonnie Plants admits that the Court has subject matter jurisdiction of this action.

2. Bonnie Plants admits that the Plaintiff seeks more than $75,000, exclusive of costs and interest, in this action, but denies that Plaintiff is entitled to any recovery.

3. Bonnie Plants admits that it employed the Plaintiff, Wallace Bostick, and that the Plaintiff is black. Bonnie Plants denies the remaining allegations of paragraph 3.

4. Bonnie Plants admits that it is an "employer" under the laws cited in paragraph 1. Bonnie denies that it was organized under the laws of the State of Florida.

5. Bonnie Plants denies the allegations of paragraph 5 of the Complaint. More specifically, Bonnie Plants denies that the Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission or the Florida Commission on Human Relations; some or all of Plaintiff's claims are outside the scope of his charge of discrimination; and the Plaintiff failed to institute this action within 90 days of receiving his Notice of Right to Sue.

6. Bonnie Plants admits the allegations of paragraph 6.

7. Bonnie Plants denies the allegations of paragraph 7.

8. Bonnie Plants denies the allegations of paragraph 8.

9. Bonnie Plants denies the allegations of paragraph 9.

10. Bonnie Plants denies the allegations of paragraph 10.

11. Bonnie Plants admits that Plaintiff has retained counsel to prosecute this action, but denies the remaining allegations of paragraph 11.

12. Bonnie Plants realleges and incorporates by reference its responses to paragraphs 1-11 above.

13. Bonnie Plants admits that the Plaintiff purports to bring this action pursuant to the statutes cited in paragraph 13, and purports to assert a claim for hostile work environment and disparate treatment, but denies that it has violated the statutes or otherwise wronged the Plaintiff, and specifically denies that it is liable to him for hostile work environment or disparate treatment discrimination.

14. Bonnie Plants denies the allegations of paragraph 14.

15. Bonnie Plants denies the allegations of paragraph 15.

16. Bonnie Plants denies the allegations of paragraph 16.

17. Bonnie Plants denies the allegations of paragraph 17 of the Complaint, and further specifically denies that it discriminated against the Plaintiff or that he was constructively terminated.

18. Bonnie Plants denies the allegations of paragraph 18.

19. Bonnie Plants denies the allegations of paragraph 19, and further denies that the Plaintiff is entitled to any of the relief set forth in his Prayer for Relief.

## SECOND DEFENSE

Bonnie Plants denies each averment in the Complaint that is not specifically admitted or otherwise controverted and demands strict proof thereof. Bonnie Plants denies any averments contained in the preamble, prayer, or in any other parts of the Complaint.

## THIRD DEFENSE

Some of all of Plaintiff's claims are barred by applicable statutes of limitations or laches.

## FOURTH DEFENSE

Plaintiff's claims, in whole or in part, fail to state a claim upon which relief can be granted.

## FIFTH DEFENSE

Plaintiff, in whole or in part, failed to mitigate his alleged damages and therefore, is precluded from recovery. In the alternative, Bonnie Plants avers that amounts earned or that are capable of being earned with reasonable diligence must be offset against and reduce any monetary recovery sought in the case.

## SIXTH DEFENSE

If the evidence in this case reveals that the Plaintiff would not have been hired by or entitled to any damages based upon after-acquired evidence, Bonnie Plants asserts this defense.

## SEVENTH DEFENSE

Plaintiff has failed to satisfy the prerequisites, jurisdictional or otherwise, to filing suit under Title VII and the FCRA.

## EIGHTH DEFENSE

Some or all of Plaintiff's claims are barred by his failure to make them the subject of a timely Charge of Discrimination.

## NINTH DEFENSE

Plaintiff failed to comply with the statutory prerequisites for a lawsuit under Title VII and the FCRA for any alleged unlawful employment practice that was neither alleged in his EEOC Charge of Discrimination nor within the scope of the EEOC's investigation of his Charge.

## TENTH DEFENSE

Bonnie Plants maintains an EEOC policy that makes good faith efforts to require managers and supervisors to learn and to follow the policy. The policy prohibits all forms of discrimination and harassment and affords a complaint procedure for employees to procure prompt and appropriate remedial action if prohibited discrimination or harassment occurs. Plaintiff unreasonably failed to utilize this procedure with respect to his claims. Bonnie Plants

neither knew nor had reason to know of the alleged retaliation against Plaintiff, which retaliation Bonnie Plants denies.

## ELEVENTH DEFENSE

Bonnie Plants does not discharge, exclude, deny employment, promotion, service, or other employment opportunities, segregate, classify, discriminate with respect to compensation, terms, conditions, or privileges, or otherwise treat any person differently from other individuals on account gender or whether he has participated in protected conduct.

## TWELFTH DEFENSE

Bonnie Plants acted in a good faith attempt to comply with applicable law by adopting policies and procedures designed to prohibit discrimination in the workplace.

## THIRTEENTH DEFENSE

Some or all of Plaintiff's claims are barred by his failure to commence this action within 90 days of receipt of his notice of right to sue.

## FOURTEENTH DEFENSE

Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Bonnie Plants to avoid or correct the harm or otherwise failed to exercise reasonable care to avoid harm, or if the Plaintiff did take advantage of preventive or corrective opportunities, Bonnie Plants responded by taking reasonable and prompt corrective action.

**FIFTEENTH DEFENSE**

Bonnie Plants states that the Plaintiff cannot prove any discriminatory or retaliatory conduct on the part of Bonnie Plants in view of the fact that it has not discriminated or retaliated against said Plaintiff.  In the alternative, even if Plaintiff could prove discriminatory or retaliatory conduct on the part of Bonnie Plants (which Plaintiff cannot), Bonnie Plants is entitled to a judgment in its favor because some or all of the decisions and/or actions challenged as discriminatory or retaliatory in Plaintiff's Complaint would have been undertaken even had the Plaintiff not had the protected status alleged.

**SIXTEENTH DEFENSE**

Plaintiff fails to state a claim for punitive damages.  In the alternative, Bonnie Plants avers that Plaintiff's claims for punitive damages are limited by Section 760.11(5) of the Florida Statutes, and by 42 USC §1981a.

**SEVENTEENTH DEFENSE**

Plaintiff is precluded from recovering compensatory or punitive damages as there is no evidence of intentional discrimination and/or harassment based upon the Plaintiff's race.

**EIGHTEENTH DEFENSE**

Plaintiff is precluded from recovering punitive damages as there is no evidence that Bonnie Plants acted intentionally, willfully, recklessly, with malice or with indifference to the Plaintiff's rights.

## NINETEENTH DEFENSE

The amount of any compensatory or punitive damages that Plaintiff could recover is subject to the statutory damages limitations under applicable law.

## TWENTIETH DEFENSE

Plaintiff is precluded from recovering punitive damages since Bonnie Plants' conduct was not motivated by evil motive or intent, nor did Bonnie Plants' conduct involve reckless or callous indifference to the federally protected rights of Plaintiff.

## TWENTY-FIRST DEFENSE

Plaintiff is precluded from the recovery of punitive damages under the FCRA, as Bonnie Plants made good faith efforts to comply with the FCRA, and Bonnie Plants pleads all defenses available under *Kolstad v. American Dental Association*, 119 S. Ct. 2118 (1999).

## TWENTY-SECOND DEFENSE

Plaintiff fails to state a claim against Bonnie Plants that would warrant an award of punitive damages. None of the actions taken with respect to Plaintiff were taken maliciously, intentionally, in bad faith, or with callous or reckless disregard for the rights of Plaintiff.

## TWENTY-THIRD DEFENSE

Bonnie Plants denies that it is guilty of conduct referable to which punitive damages could or should be awarded, and denies that Plaintiff has produced clear and convincing evidence sufficient to support or sustain the imposition of punitive damages against Bonnie Plants.

## TWENTY-FOURTH DEFENSE

To award punitive damages against Bonnie Plants in this case would violate the excessive fines provision of the Eighth Amendment to the United States Constitution and the Florida Constitution.

## TWENTY-FIFTH DEFENSE

With respect to any punitive damages claimed, Bonnie Plants asserts that Plaintiff is not entitled to receive said damages in view of the fact that any award of punitive damages would violate the constitutional safeguards provided to Bonnie Plants under the Constitutions of the State of Florida and the United States of America.

## TWENTY-SIXTH DEFENSE

Plaintiff cannot recover punitive damages against Bonnie Plants because such an award, which is penal in nature, would violate Bonnie Plants' constitutional rights protected under the Florida Constitution and the Constitution of the United States, unless Bonnie Plants is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claim for punitive damages violates the right of Bonnie Plants to due process and equal protection of the law as guaranteed by the Constitution of the United States and the Florida Constitution in that the procedure for post-trial review of punitive damages set forth in

*Green Oil Company v. Hornsby* is unconstitutionally vague and inadequate in the following respects: The *Green Oil* procedure provides no clearly defined standard for courts to apply in reviewing punitive damages; the *Green Oil* procedure provides inadequate review as to the need to deter, whether deterrence has been accomplished, and whether punishment is appropriate for this; the *Green Oil* procedure provides inadequate review and a vague standard regarding the relationship of the punitive damage award to the harm; the *Green Oil* procedure does not address nor cure the lack of guidelines given the jury in the assessment of punitive damages; this procedure is inadequate in that the trial court according to *Green Oil* "may" take certain factors into account and these procedures lack predictable and objective standards of review, allow for inconsistent application of the factors, and allow for unpredictable and inconsistent results; and the *Green Oil* procedure fails to provide definite and meaningful constraints on jury discretion in awarding punitive damages.

**TWENTY-EIGHTH DEFENSE**

An award of punitive damages in this case against Bonnie Plants would violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution under the guidelines set out by the United States Supreme Court in *BMW of North America, Inc. v. Gore*, 134 L.Ed. 2D 809 (1996).

**TWENTY-NINTH DEFENSE**

The Supreme Court of the United States has issued opinions in the cases styled *BMW of North America, Inc. v. Gore,* 134 L.Ed. 2d 809 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 149 L.Ed. 2d 674 (2001), and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 123 S.Ct. 1513 (2003), on the issue of punitive damages. Bonnie Plants adopts by

reference whatever defenses, criteria, limitations, standards, and constitutional protections that are mandated or provided by the decisions of the Supreme Court of the United States in those cases.

### THIRTIETH DEFENSE

Bonnie Plants avers that any award of punitive damages to Plaintiff in this case will be violative of the procedural safeguards provided to Bonnie Plants under the Sixth Amendment to the Constitution of the United States of America to impose against Bonnie Plants punitive damages which are penal in nature yet compel Bonnie Plants to disclose potentially incriminating documents and evidence.

### THIRTY-FIRST DEFENSE

Any claim for punitive damages must be dismissed because an award of punitive damages to Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

### THIRTY-SECOND DEFENSE

The assessment of punitive damages against Bonnie Plants in this case violates due process afforded by the equal protection clause of the Fourteenth Amendment to the United States Constitution. Furthermore, Plaintiff's Complaint does not sufficiently state the specific action for which Plaintiff seeks punitive damages. As such, any assessment of punishment, which is what punitive damages are meant to be, without specific allegations of conduct, also violates the United States Constitution because Bonnie Plants is not provided with specific

charges against it prior to trial. Bonnie Plants' due process rights afforded by the United States Constitution, as identified above, are therefore violated.

## THIRTY-THIRD DEFENSE

To award punitive damages against Bonnie Plants in this case would violate the Commerce Clause of the United States Constitution by chilling and impeding Bonnie Plants from engaging in interstate commerce, and such an award, if imposed, would constitute an undue and unreasonable burden on interstate commerce.

## THIRTY-FOURTH DEFENSE

Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States on the following grounds:

    a.    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

    b.    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against Bonnie Plants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

c. The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Bonnie Plants, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

d. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

e. The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

f. The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

## THIRTY-FIFTH DEFENSE

Discovery has not been completed, and therefore, Bonnie Plants reserves the right to add additional defenses and affirmative defenses and does not waive any rights, privileges, defenses, or affirmative defenses not specifically asserted herein.

                                                  Respectfully submitted,

                                                  */s/ Kristin T. Ashworth*
                                                  Kristin T. Ashworth
                                                  Florida Bar Number: 932221
                                                  Dent M. Morton
                                                  Attorneys for Defendant Bonnie Plants, Inc.

**OF COUNSEL:**

BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100


BURR & FORMAN LLP
P.O. Box 2287
Mobile, Alabama  36652-2287
Telephone: (251) 344-5151
Facsimile: (251) 344-9696

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 31st day of October, 2011 on the following counsel of record:

Marie A. Mattox
MARIE A. MATTOX, P.A.
310 East Bradford Road
Tallahassee, Florida 32303

                                            */s/ Kristin T. Ashworth* _____
                                            OF COUNSEL